UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS JERRELL,<br><br>                          Petitioner,<br><br>v.<br><br>NEIL MCDOWELL,<br><br>                         Respondent. | Case No.: 19cv508-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

On March 15, 2019, Petitioner Demetrius Jerrell filed a petition for writ of habeas corpus against Respondent Neil McDowell (ECF No. 1), and a motion to proceed in forma pauperis (ECF No. 2). On March 22, 2019, the Court granted the motion to proceed in forma pauperis. (ECF No. 3).

Petitioner states that he is currently in state custody. Petitioner brings claims based on a "[p]otential detainer . . . [b]y San Diego, Ca, agency [California Customs and Border Protection] 2900 CBP-OBP Station." (ECF No. 1 at 2). Petitioner seeks relief pursuant to 28 U.S.C. § 2241 on the grounds that "[a] federal detainer has been placed on Petitioner by the United States border patrol for transporting illegal immigrants on 1-25-15. However, Petitioner was incarcerated in the California Department of Corrections from 11-06-13 – 02-13-15." *Id.* at 4. Petitioner claims that he is actually innocent of the crime that allegedly occurred while he was incarcerated, and that "[t]he detainer must be removed." *Id.*

1

"Section 2241 embodies the traditional writ of habeas corpus, permitting an individual to challenge the legality of his custody . . ." *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008).

> The federal habeas statute gives United States district courts jurisdiction over petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" *under the conviction or sentence under attack* at the time his petition is filed.

*Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added). "The text of the statute makes clear, and the Supreme Court has confirmed, that 'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3)." *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009)) (citing *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973)).

To invoke § 2241 jurisdiction, a petitioner must allege that he is in custody in violation of the Constitution or laws or treaties of the United States and that he is a federal prisoner or "a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition." *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (quotation omitted), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). To invoke § 2254 jurisdiction, a petitioner must allege that he is in custody pursuant to a state court judgment and that he intends to challenge the constitutional validity or duration of present confinement. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973).

In this case, Petitioner indicates that he is in state custody pursuant to a state court judgment and is not a federal prisoner. The Court lacks jurisdiction to hear Petitioner's claims pursuant to § 2241. Petitioner challenges a "potential" "federal detainer" "[b]y San Diego Ca, agency CACBP." *See Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995) ("[A] bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available."). Petitioner does not challenge the conviction for which he is currently

in custody. The Court lacks jurisdiction to hear Petitioner's claims pursuant to § 2254. The Court finds that the Petition must be dismissed. The Clerk is directed to close the case.

IT IS SO ORDERED.

Dated: April 10, 2019

Hon. William Q. Hayes
United States District Court